Argued December 17, affirmed December 31, 1958

# CHRISCO *v.* GARDENER
### 333 P. 2d 738

*Stanley C. Jones,* Medford, argued the cause for appellant. On the brief were Jones & Main, Medford.

*Bruce J. Manley,* Medford, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and LUSK, WARNER and SLOAN, Justices.

PER CURIAM.

This is an action to recover property damages sustained in a collision between a log truck owned and operated by the plaintiff and a pick-up truck owned and operated by the defendant. Defendant counterclaimed for damages to his pick-up truck. A jury returned a verdict for the plaintiff, and defendant has appealed.

The accident occurred after dark when the two vehicles were being driven West on highway 270 in Jackson County, Oregon. The log truck was following the pick-up truck at a distance of about seventy-five feet. As they approached the intersection of what is called Obenchain road, the defendant, intending to turn to the right at the intersection, drove his truck over to the left-hand side of the highway and then back to the right-hand side, where the collision occurred. At the time of the collision, defendant's truck was across the right-hand side of the highway at an angle of about 45°. Plaintiff applied his brakes immediately upon seeing the pick-up truck start to turn back, but was unable to avoid the accident. Defendant claimed in his testimony that the right-hand turn into Obenchain road could not be made without first pulling over to the left. Defendant testified that he gave an arm signal for a right-hand turn, but plaintiff swore that he did not see it, and there is evidence that a tire standing on the bed of the truck could have obstructed a view of the signal.

The defendant assigns as error the court's denial of his motion for a directed verdict, but the ruling

was correct, as we think sufficiently appears from the brief statement we have made of the facts. Even though the defendant gave the signal for a right-hand turn and the plaintiff observed it, the jury could well have found that the defendant's conduct in pulling over to the left-hand side of the road upon giving the signal and then turning to the right was negligence which was the proximate cause of the accident. Other assignments of error are based upon exceptions to the refusal of the court to withdraw each of the specifications of negligence in the complaint, to an instruction given, and to the failure to give a requested instruction.

■ Our examination of the record leads us to the conclusion that even though there may have been technical error in any of the respects claimed—and it is not clear that there was—still the case was fairly tried and fairly submitted, and there was no error which substantially affected the rights of the defendant. ORS 19.120; Art VII, § 3, Constitution of Oregon.

AFFIRMED.